UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER CALDWELL,

    Plaintiff,

v.                                           Case No.:   2:25-cv-00047-JLB-NPM

KRISTI NERONI,

    Defendant.
_____/

**ORDER**

Before the Court is pro se Plaintiff Jennifer Caldwell's Amended Complaint. (Doc. 11). On March 11, 2025, the Court found Plaintiff Jennifer Caldwell's Complaint (Doc. 1) insufficient to pass 28 U.S.C. § 1915(e)(2) review in part because it failed to allege subject-matter jurisdiction. (Doc. 9 at 2, 5–6). The Court ordered Plaintiff to file a notice of voluntary dismissal or an amended complaint by March 25, 2025. (*Id.* at 6).

Plaintiff filed an Amended Complaint (Doc. 11) via mail on March 6, 2025, which was not docketed until after the Court's Order. The Amended Complaint alleges that this Court has subject-matter jurisdiction over her breach of contract claim under federal question jurisdiction. (*Id.* at 2). In this matter, Plaintiff seeks to recover damages for a contract allegedly formed under the mailbox rule to which Defendant has failed to respond. (*Id.* at 3). This garden-variety state law breach of contract claim does not provide this Court with federal question jurisdiction. *See* 28

U.S.C. § 1331 ("[D]istrict courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Fla.*, 999 F.2d 503, 507 (11th Cir. 1993) (holding that no federal question jurisdiction exists for a state law breach of contract claim); *Laurent v. U.S. Tr.*, 196 F. App'x 740, 743 (11th Cir. 2006) (affirming the district court's dismissal of a complaint where the plaintiff invoked federal question jurisdiction but alleged a state law breach of contract claim). Thus, the Court found Plaintiff's Amended Complaint insufficient for failure to adequately allege subject-matter jurisdiction. (Doc. 13 at 1).

Because Plaintiff filed her Amended Complaint before the Order explaining the deficiency in her original complaint, the Court instructed Plaintiff to show cause by April 24, 2025, as to why this case should not be dismissed for lack of jurisdiction. (*Id.*). Plaintiff did not respond.

Accordingly, this case is **DISMISSED without prejudice** for lack of subject-matter jurisdiction. The Clerk of Court is **DIRECTED** to enter judgment dismissing the case without prejudice, terminate all deadlines, deny all pending motions as moot, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on May 7, 2025.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE